Common Pleas Court of Mahoning County.

BABJAK V. IVANIK ET AL.

Decided November 6, 1929.

OVERMYER, J. (of Sandusky county, sitting by assignment).

This is an action in partition, and is submitted to the court on the pleadings and an agreed statement of facts, and there is presented to the court the following interesting question, viz.:

A and B, husband and wife, become the joint owners by purchase of a parcel of land, each owning an undivided half. A dies intestate without issue and B therefore inherits the fee, under Section 8574, to the undivided half owned by A. An affidavit for transfer and record of real estate inherited is filed and B becomes the sole owner of the fee to the entire parcel.

Thereafter B marries C and executes to him a quit claim deed for an undivided half of this parcel, for a valuable consideration, and in the deed grantor describes herself as "B, formerly B, widow of A," which fact, in the court's opinion, is not important. (See 50 Cal., 485; 90 Cal., 444.)

B and C then purchased additional land adjacent, and the deed is made to them jointly.

Thereafter C deeds back to B by warranty deed an un-

divided half of all the lands, and still later B again deeds to C by warranty deed an undivided half of all said lands. The deed from C to B recites a consideration of "one dollar," and the deed from B back to C recites "one dollar and other good and valuable considerations."

B dies intestate without issue, and C files an affidavit of transfer and record of real estate inherited, claiming to be the sole owner in fee of B's undivided half by inheritance under Section 8574.

The plaintiff, a sister of B, brings this action in partition and claims that by the provisions of Section 8577 she owns the fee to an undivided one-eighth of the lands B acquired from A; that another sister is entitled to another eighth; and that a sister of A is entitled to a fourth, the remaining undivided half belonging to C.

Counsel for plaintiff admit that when B inherited the half from A that the two halves became merged into one inseparable and indistinguishable whole title in B, but they argue that somewhere in that whole was a half of this property which she acquired in fee from A under Section 8574, and that nowhere in the transactions did B alienate that specific half, and that therefore when B died intestate without issue its character carried it back to A's heirs under Section 8577.

We have as much right to assume that the half she owned when she died was the half that came from A as we have to assume that she had alienated that particular half. The words used in her first deed to C were words to describe herself and not to describe the particular half she was alienating. That B had a right to alienate this half which she acquired from A and thus change its character so that Section 8577 would not apply, we have no doubt. See pages 133, 134, Vol. 5, O. C. C. (N. S.). But that she did so alienate it, we do not know. She alienated "a half" for a valuable consideration, but which half we are unable to say. If she had ever conveyed away the whole title to all the parcel for a valuable consideration and then had it reconveyed to herself, it would bar the operation of Section 8577. But she never conveyed more than an undivided half, and at all times and at her death

there was remaining in her possession an undivided half of the identical whole in which was a half that came to her from her former deceased husband by Section 8574. How can we say the half remaining was not the half she acquired from A? If it is, then Section 8577 would apply and the plaintiff would be entitled to partition, subject to C's dower interest in the half of which B died seized. See page 241, Vol. 14, N. P., (N. S.)

It will be helpful to remember that the half acquired by B from A under Section 8574 is not ancestral property in the sense used in the statutes relating to descent and distribution, and A was not an "ancestor" as that term is used in such statutes. See 18 O. S., 311, 25 O. S., 451, 50 O. S., 495.

Section 8577 provides that:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife * * * under the provisions of Section 8574, then such estate, real and personal, shall pass to and vest in the children of such deceased husband or wife, etc. If there are no children * * * then one-half to the brothers and sisters of such intestate * * * and one-half to the brothers and sisters of such deceased husband or wife from which such estate came, etc."

This section is special and was enacted for a definite and specific purpose, and is not governed by any other statute in its operation or construction. The courts have said in construing it that it must be the identical property which came from such deceased husband or wife which must be "possessed" by such relict at her decease in order to have Section 8577 operate upon it. The courts have also said that the section is to be construed according to the legal title and legal status and not upon equitable principles. See page 136, Vol. 5, C. C., (N. S.)

Under the agreed statement of facts in this case, B became the owner of an undivided half of this parcel of land by operation of Section 8574 upon the death of A. She already owned the other undivided half. When B died in-

testate 'she was the owner of an undivided half of the same parcel of land. At no time is it shown that she had alienated the particular half she acquired from A, and no presumption arises that she had so alienated it. On the contrary the presumption might be that she intended to alienate her own half to her new husband, and that for sentimental reasons she kept the half she acquired from her former husband. But we will not indulge in speculations but will say that the legal status of the matter is that it is agreed that she acquired an undivided half from her former husband and it is not shown that she ever alienated that particular undivided half, and it therefore follows that she owned it when she died, and Section 8577 would apply.

A finding and decree will be entered for the plaintiff, granting the relief prayed for, partition ordered. Appeal bond fixed at $100.00.